NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JASON LAMBRO, individually and on behalf of similarly situated individuals,**
*Plaintiff*

**CHARLES NIXON,**
*Movant-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2025-1825

---

Appeal from the United States Court of Federal Claims in No. 1:21-cv-01447-ZNS, Judge Zachary N. Somers.

---

**ON MOTION**

---

Before TARANTO, CUNNINGHAM, and STARK, *Circuit Judges.*

PER CURIAM.

**O R D E R**

The United States moves to dismiss this appeal for lack of jurisdiction or, alternatively, for summary affirmance. ECF No. 7. Charles Nixon opposes the motion.

Jason Lambro brought an individual and collective action against U.S. Agency for Global Media (USAGM) alleging violations of the Fair Labor Standards Act (FLSA). Relevant here, Mr. Lambro moved for leave to file a third amended complaint seeking to add Mr. Nixon, a former USAGM worker, as an additional plaintiff. While that motion was pending, the government moved for judgment on the pleadings or, alternatively, for summary judgment.

On April 1, 2025, the Court of Federal Claims granted judgment in the government's favor on Mr. Lambro's collective action claim, denied the motion to amend the complaint to add Mr. Nixon, and allowed Mr. Lambro to file an amended complaint containing only his individual FLSA claims. Mr. Lambro and Mr. Nixon subsequently filed a motion to certify the April 1st Order for interlocutory appeal or alternatively to enter final judgment as to Mr. Nixon's claims under Rule 54(b). That motion remains pending. On May 29, 2025, Mr. Nixon filed an appeal from the April 1st order, characterizing it as "a constructive dismissal of [his] claims against USAGM." Appx27.

This court's jurisdiction generally extends only to a "final decision" of the Court of Federal Claims, 28 U.S.C. § 1295(a)(3), i.e., one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment," *Catlin v. United States*, 324 U.S. 229, 233 (1945). "[A]n order denying a motion for leave to amend a complaint to add the claims of additional plaintiffs is not a final order[.]" *In re Wolfe*, 111 F.3d 142, 1997 WL 173205, at \*2 (Fed. Cir. Mar. 20, 1997) (citing *Kahn v. Chase Manhattan Bank, N.A.*, 91 F.3d 385, 387–88 (2d Cir. 1996)). Since the trial court has not otherwise entered an appealable decision and the litigation is still ongoing, the appeal is premature.

Accordingly,

IT IS ORDERED THAT:

(1)  ECF No. 7 is granted to the extent that the appeal is dismissed for lack of jurisdiction.

(2)  Each side to bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

August 11, 2025
     Date